IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

NATASHA HINES,

                            Plaintiff,                    Case No. 3:11 oe 40001

          -vs-

                                        MEMORANDUM   OPINION

JOHNSON & JOHNSON, et al.,

                          Defendant.

KATZ, J.

This matter is before the Court on Defendant's unopposed motion for summary judgment. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.  For the reason stated below, the Defendant's motion is well taken.

### BACKGROUND

Natasha Hines ("Hines") used the Ortho Evra® birth control patch from September 2003 through at least March 2005.  (Callsen Affid. ¶ 7.)  Hines medical records reflect that she utilized an intrauterine device for contraception from March 2005 until July 2005, when it was removed. (*Id*. at ¶ 8.)  Hines subsequently became pregnant and gave birth to a child in mid-May 2006.  (*Id.* at ¶ 10.)  During this hospitalization, Hines was diagnosed with a bilateral deep vein thrombosis ("DVT").  (*Id.*)

In March 2011, Hines instituted this action against Johnson & Johnson, Johnson & Johnson Pharmaceutical Research & Development, LLC f/k/a R.W. Johnson Pharmaceutical Research Institute, Ortho-McNeil, Inc., and Ortho-McNeil Pharmaceutical, Inc.  Hines' claims are grounded in negligence and products liability, among others.

On October 5, 2011, the Court granted Plaintiff's counsel leave to withdraw as counsel but granted Plaintiff until November 22, 2011, to secure new counsel or advise she was

proceeding *pro se*.  A copy of the Court's order (Doc. No. 9) was served upon Plaintiff.

Similarly, Defendants' motion for summary judgment was also served upon Plaintiff via mail.

(Doc. No. 8.)   As Plaintiff has failed to respond to the Court's October 5th Order, the Court

assumes Plaintiff is proceeding *pro se*.   To date, there has been no opposition filed to Defendants'

motion for summary judgment filed on October 6, 2011.

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*A.  Summary Judgment Standard*

Summary judgment is appropriate where "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law."  FED. R. CIV. P. 56(c).  The moving party bears the initial responsibility of "informing the

district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by demonstrating

the absence of evidence supporting one or more essential elements of the non-movant's claim.  *Id.*

at 323-25.  Once the movant meets this burden, the opposing party "must set forth specific facts

showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

250 (1986) (*quoting* FED. R. CIV. P. 56(e)).

"In considering a motion for summary judgment, the Court must view the facts and draw

all reasonable inferences therefrom in a light most favorable to the nonmoving party."  *Williams*

*v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v.*

2

*Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).  However, "'at the summary judgment stage the

judge's function is not himself to weigh the evidence and determine the truth of the matter,'"

*Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore,

"[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact."

*Williams*, 154 F. Supp. 2d at 1071.  The purpose of summary judgment "is not to resolve factual

issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch*

*Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999).  Ultimately,

this Court must determine "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

B.  *Negligence Under Florida Law*

It is the Defendants' contention they are entitled to summary judgment as a matter of law

as Hines is unable to established she was using Ortho Evra® at the time of her medical event nor

can she demonstrate proximate cause of her injuries as attributable to Defendants' product.

There is no dispute that Hines was a resident of Florida at the time she was hospitalized for

the DVT, therefore, Florida law is applicable to her claims.

The issue of causation in a products liability context was best summarized as follows:

> To establish causation sufficient for a negligence claim in a products
> liability case, the plaintiff must prove by a preponderance of the evidence that his
> injury was proximately caused by the manufacturer's breach of its duty to produce
> a product reasonably safe for use. *See Indem. Ins. Co. V. N. Am. v. Am Aviation*
> *Inc.*, 344 F.3d 1136, 1146 (11th Cir. 2003) (per curiam) (applying Florida law).  To
> prove causation under a strict products liability theory, a plaintiff must prove that
> the product defect proximately caused his injury. *See McCorvey*, 298 F.3d at 1257
> (citing *Edward M. Chadbourne, Inc. v. Vaughn*, 491 So.2d 551, 553 (Fla. 1986)).

*Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1295 (11ᵗʰ Cir.), *cert. denied sub nom. McFarland v. Cheminova, Inc.*, 546 U.S. 935 (2005).

In this instance, the undisputed record demonstrates Hines last used Ortho Evra® in March 2005. Some fourteen months later when Plaintiff was hospitalized for the birth of her child, in May 2006, she was diagnosed with a DVT in her lower extremities. There is no mention of her use of Ortho Evra® in the records of the May 2006 hospitalization. (Callsen Affid. at ¶11.) Based upon the undisputed facts, Defendants have demonstrated an absence of evidence to support Plaintiff's claims.

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Here, Plaintiff has failed to raise a genuine issue of material fact on the issue of causation. In the absence of demonstrating a genuine issue of material fact sufficient to overcome a motion for summary judgment, the Defendants are entitled to judgment as a matter of law. As Plaintiff's negligence and product liability claim are a basis for the remainder of her claims, judgment for the

4

Defendants runs as to all claims.   The Court also declines Defendants' request for monetary

sanctions against Plaintiff for the costs incurred by Defendants in seeking dismissal of this case.

**CONCLUSION**

For the reasons stated above, Defendants' unopposed motion for summary judgment (Doc.

No. 7) is granted.  This case is closed.  The Clerk is instructed to send a copy of this Order to the

*pro se* Plaintiff forthwith.

IT IS SO ORDERED.

       S/ *David A. Katz*
       DAVID A. KATZ
       U. S. DISTRICT JUDGE

5